UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELSA LUZ DELGADO-VELAZQUEZ,

    Plaintiff,

v.                                            CASE NO. 8:17-cv-2910-T-26TGW

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## **O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, including Plaintiff's submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 7) is **denied** for failure to comply with the conferral requirement of Local Rule 3.01(g). Nevertheless, because this Court is a Court of limited jurisdiction and is compelled to inquire into its subject matter jurisdiction at the earliest stage of the proceedings,[1] the Court has undertaken a comprehensive review of the record before the Court and has determined that it lacks subject matter jurisdiction to proceed in this case based on diversity of citizenship in that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.00.[2]

---

    [1] See, e.g., Kirkland v. Midland Mtge. Co., 243 F. 3d 1277, 1279-80 (11th Cir. 2001).

    [2] See Leonard v. Enter. Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002).

Although it is true that a response to a request for admissions qualifies as an "other paper" that can trigger the thirty-day removal deadline under 28 U.S.C. § 1446(b),[3] it is also true that a Plaintiff's conclusory concession in response to a request for admissions that the amount in controversy exceeds the sum of $75,000.00 is insufficient to satisfy the amount in controversy requirement necessary to invoke this Court's diversity jurisdiction.[4] Consequently, accepting as true the Plaintiff's admission "that Plaintiff is alleging damages in excess of $75,000.00[,]" such a conclusory admission is insufficient under the persuasive authority cited to confer diversity jurisdiction on this Court, thereby depriving the Court of subject matter jurisdiction and requiring the Court to remand this case to state court.

**ACCORDINGLY**, the Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to **close** the case following remand.

**DONE AND ORDERED** at Tampa, Florida, on January 2, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[3] See, e.g., Parrish v. Sears, Roebuck & Co., 2010 WL 3042230, at *1 (M.D. Fla. 2010).

[4] See, e.g., Eckert v. Sears, Roebuck & Co., 2013 WL 5673511, at *1 (M.D. Fla 2013); accord Worley v. Wal-Mart Stores East, L.P., 2017 WL5844108, at *2 (M.D. Fla. 2017) (quoting Eckert).